UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

T. BELT,

                Plaintiff,

        v.

ALICIA LYONS, BENJAMIN RICH a/k/a
SAMUEL GUILLAUME, and
UNKNOWN SOURCE BANK,

                Defendants.

**ORDER**
22-CV-06017 (HG) (CLP)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff T. Belt, appearing *pro se*, has filed this action asserting state law claims and invoking diversity jurisdiction. *See* ECF No. 1. Plaintiff also applied to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a), using this District's short-form application. *See* ECF No. 2. For the reasons set forth below, the Court denies Plaintiff's application to proceed IFP with leave either to pay the filing fee or to submit the District's long-form application on or before October 31, 2022.

    Plaintiff's complaint is difficult to understand, but she appears to have a contract dispute related to unspecified "clerical" work she performed in exchange for payments totaling $3,750. ECF No. 1 at 2. Those payments would fall well below the $75,000 amount in controversy requirement necessary for the Court to exercise diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff has attempted to overcome this obstacle by alleging that the supposedly egregious nature of Defendants' breach entitles her to punitive damages of more than $100,000. *See* ECF No. 1 at 6. In particular, Plaintiff alleges that Defendants defrauded their own banks to persuade them to reverse electronic payments that Defendants had already sent to Plaintiff. *Id.* at 2–5. New York law, however, imposes substantial restrictions on parties' ability to recover punitive

damages "[w]here a lawsuit has its genesis in the contractual relationship between the parties." *In re Part 60 Put-Back Litig.*, 165 N.E.3d 180, 192 (N.Y. 2020).  Notably, Plaintiff must prove that Defendants "violated a duty apart from and independent of promises made in the contract," meaning that Defendants "engaged in tortious conduct separate and apart from [their] failure to fulfill [their] contractual obligations." *Id.* (internal quotation marks omitted).  Based on Plaintiff's complaint, she appears to have been harmed merely by Defendants' failure to pay her the amount to which the parties allegedly agreed, and any fraud that Defendants supposedly committed would have harmed only their banks rather than Plaintiff.  *See* ECF No. 1 at 2–5.

The Court need not decide at this stage of the litigation whether these apparent defects in the merits of Plaintiff's complaint doom her claims because, as explained below, the Court is denying Plaintiff's application to proceed IFP and therefore not yet accepting her complaint for filing.  If Plaintiff eventually submits a valid IFP application, however, the Court will be required to consider whether Plaintiff's complaint must be dismissed for "fail[ure] to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

The current total fee to file a civil case in this Court is $402.  *See* 28 U.S.C. §§ 1914(a), (b).  A litigant may request to waive the filing fee by filing an IFP application.  A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses.  28 U.S.C. § 1915(a)(1).  The purpose of the IFP statute is to provide indigent people with equal access to the judicial system.  The statute is "intended for the benefit of those too poor to pay or give security for costs."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  The Court may dismiss a case that has been filed IFP if the Court determines that a plaintiff's "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).

The Court has discretion to determine whether a plaintiff qualifies for IFP status. *See, e.g.*, *Chowdhury v. Sadovnik*, No. 17-cv-2613, 2017 WL 4083157, at *2 (E.D.N.Y. Sept. 14, 2017). Courts in this District have exercised that discretion to deny IFP status when a plaintiff does not provide all of the information required by the District's application form, and the remaining information is insufficient to determine whether the plaintiff is truly indigent. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *3 (E.D.N.Y. June 2, 2021) (denying IFP status when the plaintiff's application omitted the balance of her checking account); *Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-cv-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021) (denying IFP status when the plaintiff's application omitted information "regarding monthly expenses, debts, or other financial obligations").

Here, Plaintiff indicates that she is not currently employed but that she has received income within the past year from several sources: (i) a business, profession, or other self-employment; (ii) disability or worker's compensation benefits; (iii) gifts or inheritances; and (iv) unspecified "other sources." ECF No. 2 at 1. Plaintiff has neither specified the amount of income she received during the past year nor identified whether she has any money in a checking or savings account. *Id.* at 1–2. Plaintiff has similarly stated that she has various forms of expenses and "prebankruptcy" debts without providing the amount of those obligations. *Id.* at 2. Notably, Plaintiff proposes paying the filing fee through installments, which suggests to the Court that Plaintiff may have the funds to pay the filing fee and simply does not wish to pay now. *Id.* at 1. Based on Plaintiff's application, the Court is not satisfied that she is unable to pay the filing fee to bring this action.

**CONCLUSION**

Due to the incomplete nature of Plaintiff's IFP application, described above, Plaintiff's motion for leave to proceed IFP is denied without prejudice to Plaintiff filing an amended application. In order to proceed with this case, Plaintiff must do either of the following on or before October 31, 2022: (a) file the District's long-form IFP application, a copy of which is attached to this Order, or (b) pay the $402 filing fee to the Clerk of Court. **If Plaintiff fails to comply with this Order within the time allowed, and without showing good cause for an extension of time, the Court will dismiss this case without prejudice.**

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

                                                    */s/ Hector Gonzalez*
                                                    HECTOR GONZALEZ
                                                    United States District Judge

Dated: Brooklyn, New York
       October 14, 2022